UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,

                Plaintiff,                         No. 04-CV-70766-DT

vs.                                            Hon. Gerald E. Rosen

BIBIA RENEE REDD,

                Defendant.

_____/

OPINION AND ORDER DISMISSING ACTION ON
ABSTENTION GROUNDS, WITHOUT PREJUDICE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____November 4, 2005_____
PRESENT:   Honorable Gerald E. Rosen
United States District Judge

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Allstate Insurance Company filed the instant action for Declaratory Relief asking the Court to declare that it owed no coverage under a homeowners insurance policy it issued to Defendant Bibia Renee Redd to defend or indemnify Redd in connection with a wrongful death action filed by Kelly Nelson, the Personal Representative of Eric Roger Johnson, deceased, in Wayne County Circuit Court against Defendant Redd, *Nelson v. Evans, et al.*, Wayne County Circuit Court No. 03-339016-NO.

According to the state court complaint, Eric Roger Johnson, an alleged intruder at

Defendant Redd's home, was shot in the back and killed on February 9, 2001 by Defendant Redd with an issued Wayne County Sheriff's Department firearm. (Defendant Redd was at the time a Wayne County Sheriff Deputy). Allstate claims in the instant Declaratory Judgment action that it owes no coverage to Defendant Redd by virtue of a policy exclusion which excludes from coverage "bodily injury or property damage arising out of the past or present business activities of an insured person." This exclusion is obviously fact-driven, i.e., a factual determination will have to be made as to whether Defendant Redd was engaged in "business activities" at the time of the shooting.

Because the state court would be in a better position to decide an insurance declaratory judgment action that involves underlying factual issues, the Court conducted a Show Cause hearing as to why it should not abstain from exercising its discretionary jurisdiction over the Declaratory Judgment action. At this hearing, the Court was advised that a Default Judgment in the amount of $300,000 had been entered against Ms. Redd in the underlying state court wrongful death action for her failure to appear at a pretrial conference. Allstate argued that because the state court action had been terminated by the entry of the Default Judgment against Ms. Redd, there would be no factual issues determined by the state court and it was, therefore, unnecessary for this Court to abstain from exercising jurisdiction over this case.

The Court was also advised at the Show Cause hearing that Ms. Redd's attorney in the state court action, Bertram Marks, had been granted leave to withdraw as counsel,

2

but at the Show Cause hearing Mr. Marks informed the Court that he was willing to reinstate his representation of Ms. Redd and seek to have the Default Judgment in the state action set aside and the case reinstated on the state court's docket. After hearing the arguments of counsel, although the Court indicated its inclination to abstain, it decided to take the matter under advisement.

Several months have passed since the Show Cause hearing and in the interim, the Court has been made aware that a Motion to Set Aside the Default Judgment against Ms. Redd was filed, briefed, argued, and ultimately denied by the state court judge. *See* Wayne County docket entries 59-64. A subsequent Motion for Reconsideration was also filed, argued and also denied. *Id*. at docket entries 66-71. Then, on June 20, 2005, Ms. Redd filed a Claim of Appeal with the Michigan Court of Appeals. *Id.* at docket entry 72. This appeal remains pending as of this date.

## II. DISCUSSION

The Federal Declaratory Judgment Act provides that federal courts "may declare the rights and other legal relations of any interested party seeking" a declaration in a controversy over which the court otherwise has jurisdiction. 28 U.S.C. § 2201(a). The Supreme Court has emphasized that this statute does <u>not</u> give the litigant an absolute right to a declaratory judgment in the district court; rather it is a grant of power to the court whereby the court, *may*, in its discretion, exercise jurisdiction over such a controversy. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 2142 (1995); *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95, n. 17, 113 S.Ct. 1967, 1974 n. 17 (1993); *Green*

*v. Mansour*, 474 U.S. 64, 72, 106 S.Ct. 423, 428 (1985).  *See also, Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173 (1942).

> As the Court explained in *Wilton v. Seven Falls Co.*, *supra*:
>
> Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants. . . .  The statute's textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface. . . .  When all is said and done, we have concluded that "the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power." . . .
>
> * * *
>
> "[T]here is nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court" to hear a declaratory judgment action.  By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.  **Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion**, to stay or **to dismiss an action seeking a declaratory judgment** *before trial or after all arguments have drawn to a close*.  In the declaratory judgment context, **the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration**.

115 S.Ct. at 2143 (citations omitted and emphasis added).

Consistent with the principles enunciated by the Supreme Court, in a series of cases dating back to 1984, the Sixth Circuit has repeatedly found that when a state action is pending or when trial has been completed in a state court, generally that court is in a better position than a federal district court to decide an insurance declaratory judgment

4

action that involves underlying factual issues.  However, the appellate court  has

emphasized that there is no *per se* rule against a district court's entertaining a declaratory

judgment action.  *Allstate v. Mercier*, 913 F.2d 273, 277 (6th Cir. 1990).  Rather, it has

instructed lower courts that they may entertain a diversity jurisdiction declaratory

judgment case if "the judgment will serve a useful purpose in clarifying and settling the

legal relations in issue, and [if] it will terminate and afford relief from the uncertainty,

insecurity, and controversy giving rise to the proceeding." *Grand Trunk Western Railroad*

*Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984); *Allstate v. Mercier,*

*supra*; *Omaha Property & Casualty Insurance Co. v. Johnson*, 923 F.2d 446, 447-48 (6th

Cir. 1991).

In *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964 (6th Cir. 2000), the Sixth Circuit

listed five factors for the district court to consider when assessing the propriety of a

declaratory judgment action concerning insurance coverage when the insureds have been

sued for alleged tort liability in state court.

(1)     whether the judgment would settle the controversy;

(2)     whether the declaratory judgment action would serve a useful
        purpose in clarifying the legal relations at issue;

(3)     whether the declaratory remedy is being used merely for the purpose
        of "procedural fencing" or "to provide an arena for a race for *res
        judicata*";

(4)     whether the use of a declaratory action would increase the friction
        between our federal and state courts and improperly encroach on
        state jurisdiction; and

5

> (5)     whether there is an alternative remedy that is better or more
>         effective.

*1d*. at 968; *see also Allstate v. Mercier, supra*; *Omaha Property & Casualty, supra;*

*Bituminous Cas. Corp. v. J & L Lumber Co., Inc.,* 373 F.3d 807, 812 (6th Cir. 2004).

Based upon some or all of the foregoing factors in cases similar to the instant

action, the Sixth Circuit has repeatedly found it inappropriate for the district courts to

entertain insurance declaratory judgment actions.

For example, in *Allstate Insurance Co. v. Mercier*, *supra*, the district court entered

summary judgment in favor of the plaintiff insurer, Allstate, declaring that, based upon its

construction and interpretation of a motor vehicle exclusion contained in the Allstate

Homeowners Policy at issue, the insurer, Allstate, did not owe any insurance coverage to

the Merciers who had been sued in a state court action for the death of Wesley Allmand

which resulted from injuries sustained in an automobile accident.  The accident was

caused by a teenager, Gary Jaynes, who was driving while intoxicated.  The complaint in

the state action alleged that the Merciers were liable for Allmand's injuries because they

had furnished alcohol to Gary Jaynes in violation of Michigan state law.  No discovery

concerning the underlying accident was taken in the federal court action.  Nonetheless,

the district court determined that, based upon the allegations of the complaint and the

facts alleged in the summary judgment pleadings, the motor vehicle exclusion relieved

Allstate of its obligations under the insurance policy because it found that "the tort was

triggered by the negligent operation of a motor vehicle."

6

The Sixth Circuit determined that the district court improvidently exercised its discretionary authority to entertain Allstate's declaratory judgment action and, therefore, **reversed and remanded** the action with instructions to dismiss the complaint.  In so doing, the court explained:

> **The record before us is virtually devoid of facts about the underlying tort action.  We have only the complaint filed [in the state court]** by Patricia Allmand against Mercier and Mair; **there are no depositions or other discovery documents**.  We cannot ascertain from the record where or when the defendants allegedly furnished liquor to Jaynes; in particular, whether this occurred on one of the insured premises or elsewhere. . . .

> These facts would necessarily be developed at a trial of the tort action, and may have a direct bearing on the determination of whether the insuring clause of the homeowners policies, or the exclusions, control Allstate's obligations.

> Courts should not be required to decide rights and other legal relations in a vacuum. . . .  The language of the policy is broad, but . . . we cannot say with certainty that those exclusions preclude a finding of coverage in the present case.  Without any factual record, there is a real possibility that the district court's declaration of no coverage would conflict with a state court's determination of the coverage question after being informed of the facts.

> \* \* \*

> . . . .  The states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation.  Finally there is an alternative remedy [under Michigan Court Rule 2.605] which is better or more effective.  We have indicated that Michigan provides such a remedy in the very court where the state tort action is pending.

> \* \* \*

> **It is true that in the present case the federal declaratory judgment action does not parallel a state court action arising from the**

7

**same facts in the sense that different legal issues are presented by the pleadings.  Nevertheless, the federal action does parallel the state action in the sense that the ultimate legal determination in each depends upon the same facts**.  And there is an alternative state remedy by which the legal determination sought in the federal declaratory action may be made **on the basis of a well-developed factual record, rather than the basis of a barren record.**

913 F.2d at 278-279 (citations and punctuation omitted; emphasis added).

As in the *Mercier* case, the record before this Court is equally devoid of facts concerning the circumstances surrounding the Ms. Redd's shooting of Eric Johnson.  As the court in observed in *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F.Supp.2d 737 (E.D. Ky. 2002), "[a] declaratory action does not serve a 'useful purpose' when insurance coverage questions can only be resolved based on facts yet to be determined in the state court[]."  *Id.* at 744.

While it is true that in this case, in its present posture, the state trial court action is closed, Ms. Redd's appeal of the entry of Default Judgment against here in the underlying action remains pending.  The appellate court might reverse trial court's decision not to vacate the default and order the case remanded for trial.  Given the present posture of the state case, if this Court were to proceed with this declaratory judgment matter during the pendency of the state court appeal and make factual findings concerning the circumstances surrounding the shooting, as it would have to do to decide whether to policy exclusion relied upon by Allstate applies, there is a risk that any ruling by this Court could operate to collaterally estop Defendant from litigating the factual

8

underpinnings in the state court.[1]  Such collateral estoppel/*res judicata* posturing weighs

against the Court exercising jurisdiction.

Furthermore,  this Court's ruling in this declaratory action would not settle the

controversy among the parties in the underlying state court tort action. *See Grand Trunk*

*Western Railroad Co. v. Consolidated Rail Corp., supra*, 746 F.2d at 326; *Northern Ins.*

*Co. of New York v. Addison Products, Inc.*, 148 F.Supp.2d 859, 861 (E.D. Mich. 2001)

(determining that the declaratory action in federal court "would not clear up the legal

issues" in the underlying state court lawsuit, and concluding that this factor accordingly

weighed against exercising jurisdiction)

As to the fourth *Roumph* factor,  as the court in *Omaha Property & Casualty*

observed,

> Even if the district court's ruling had clarified rather than confused
> the legal relations of the parties, . . . this clarification would come at the
> cost of "increasing the friction between our federal and state courts and
> improperly encroaching upon state jurisdiction."

923 F.2d at 448, quoting *Allstate v. Mercier*, 913 F.2d at 279.

Because the determinative issues in this case present issues of purely state law, the

Court finds the scales tip in favor of declining jurisdiction with respect to the

federalism/comity factor.  As the court stated in *American Home Assurance Co. v. Evans*,

---

[1]  This is so even if this Court were to do nothing more than grant Allstate's
request for Default Judgment in this case.  Under Michigan law, the doctrine of collateral
estoppel applies to a default judgment.  *See DAIIE v. Higginbotham*, 95 Mich. App. 213,
219, 290 N.W.2d 414 (1980).

791 F.2d 61, 63 (6th Cir. 1986), "We question the need for such declaratory judgments in federal court when the only question is one of state law and when there is no suggestion that the state court is not in a position to define its own law in a fair and impartial manner."

Finally, as to whether there is an alternative remedy which is better or more effective remedy, in general, the Sixth Circuit considers a separate civil action in state court on defense and indemnification to be an alternative remedy that is better and more effective than a declaratory action in federal court. *See e.g., Allstate Insurance Co. v. Mercier, supra,* 913 F.2d at 278 (concluding that the state court deciding the underlying tort action would be "in a superior position" to determine the indemnity issues). As indicated above, Michigan provides a mechanism for bringing declaratory judgment actions in state court. Although Allstate is not a "party" in the underlying tort action, by court rule, Michigan provides a procedure for obtaining a declaration of "the rights and other legal relations of an interested party seeking a declaratory judgment." M.C.R. 2.605. Pursuant to this Rule, declaratory judgments may be rendered by a Michigan court of record "in a case of actual controversy within its jurisdiction." *Id.* Thus, Allstate can present the issues it has brought to this Court in a separate action to the same court which was assigned the underlying tort action.[2]

---

[2] M.C.R. 8.111(D), provides for assignment of cases "arising out of the same transaction or occurrence" to the same judge. Thus, the declaratory judgment action would be assigned to the same judge who heard the underlying tort action.

10

For all of these reasons, this Court believes that the Michigan court would be in a superior position to address the issues pertaining to Allstate's request for a declaration of rights.

CONCLUSION

For all of the reasons discussed above in this Opinion,

IT IS HEREBY ORDERED that this case be, and hereby is, DISMISSED without prejudice to the parties' rights to proceed with a declaratory judgment action in the state court.[3]


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:   November 4, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 4, 2005, by electronic and/or ordinary mail.

s/Veverlyn Foster-Sims for LaShawn R. Saulsberry
Case Manager

---

[3] In light of the Court's decision to decline to exercise jurisdiction over this matter, Defendant's Motion for Default Judgment is DENIED.